UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYN PATRICK,<br><br>        Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY EMPLOYEE BENEFITS ORGANIZATION INCOME PROTECTION PLAN, etc.; et al.,<br><br>        Defendants. | Case No. 06-CV-1506-JMA (LSP)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION RE THE PROPER STANDARD OF REVIEW AND DENYING PLAINTIFF'S APPLICATION FOR A CONTINUANCE PURSUANT TO F.R.CIV.P. 56(f)** |

**I.  Introduction.**

On July 26, 2006, Plaintiff filed a Complaint to Recover Benefits, Costs and Attorneys' Fees Under [the Employee Retirement Income Security Act of 1974 ("ERISA")]; and for Recovery of Statutory Penalties Under ERISA. [Doc. No. 1]  The parties filed a Consent to Exercise of Jurisdiction by a United States Magistrate Judge on May 4, 2007.  [Doc. No. 19]  On June 6, 2007, Defendants filed a Motion for Summary Adjudication Re the Proper Standard of Review ("the Motion").  [Doc. No. 26] Plaintiff filed an Opposition to the Motion ("Oppo.") on July 17,

2007, and Defendants filed a Reply on July 26, 2007. [Doc. Nos. 31-34, 38] On July 30, 2007, Judge Adler found the Motion to be suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. and vacated the August 2, 2007 hearing date. [Doc. No. 39]

**II.  Factual Background.**

Plaintiff Lyn Patrick was a 20-year employee of Defendant Hewlett-Packard Company ("HP"). (Declaration of Lyn Patrick filed in support of Oppo. [Doc. No. 31], "Patrick Decl.," ¶ 2.) Between April 2001 and November 2001, Plaintiff had right shoulder impingement release therapy followed by cervical spine surgery to repair a degenerative disc and a second neck surgery to repair vocal chord damage from the cervical disc fusion surgery. (Id. at ¶¶ 2-3.) By late August 2002, Plaintiff could no longer work due to painful orthopaedic conditions in her right upper extremity, attributed by her doctors to repetitive use injuries, and Plaintiff's doctors certified her as totally disabled. (Id. at ¶¶ 3-12.) She began receiving workers' compensation benefits and applied for long term disability ("LTD") under the Hewlett-Packard Company Disability Plan ("the Plan")[1]. (Id. at ¶ 4.)

Plaintiff was paid LTD benefits under the Plan for a period of one year. (Patrick Decl. ¶ 6.) On August 11, 2003, Defendant Voluntary Plan Administrators, Inc. ("VPA"), acting on behalf of HP, terminated Plaintiff's LTD benefits. (Id. at ¶ 14-17.)

---

[1] Amendment Four to the Hewlett-Packard Company Employee Benefits Organization Income Protection Plan, effective December 16, 2001, changed the name of the Plan to the "Hewlett-Packard Company Disability Plan." (Declaration of Matthew E. Lilly filed in support of the Motion [Doc. No. 26-3]("Lilly Decl."), exh. A at H00585.)

Plaintiff participated in vocational rehabilitation training without success, and VPA and HP did not reinstate her LTD benefits. (Id. at ¶ 19.)  Plaintiff filed a "Request for Appeal" on February 4, 2004, and VPA responded in a letter dated February 12, 2004 that Plaintiff had not "presented any evidence or documentation to substantiate [her] disability beyond August 24, 2003." (Id. at ¶¶ 20-21.)  In a letter dated July 9, 2004, VPA upheld as "final" the original denial of Plaintiff's LTD claim. (Id. at ¶¶ 22-26.)

    Plaintiff subsequently retained counsel and, on November 24, 2004, counsel requested that VPA and HP reopen Plaintiff's claim. VPA and HP did not respond to counsel's letter. (Patrick Decl. at ¶¶ 31-33.)  Counsel then sent to VPA and HP a letter dated February 9, 2006 entitled "Perfection of Internal Appeal of Denial of Long-Term Disability Benefits," which included supplemental medical and vocational reports and other exhibits. VPA and HP did not respond to counsel's letter. (Id. at ¶¶ 33-42.)  Plaintiff filed this action on July 26, 2006.

**III. Defendants' Motion for Summary Adjudication Re the Proper Standard of Review**

    The sole issue presented by the Motion is whether the Court should review VPA's decision to deny Plaintiff's LTD benefits claim de novo or under the more deferential "arbitrary and capricious" standard described by the U.S. Supreme Court in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). Defendants contend that the arbitrary and capricious standard should apply, while Plaintiff contends that VPA's denial should be subject to de novo review by this Court.  Plaintiff

alternatively contends that the Motion is premature and should be continued pursuant to F.R.Civ.P. 56(f) to allow Plaintiff to conduct discovery pertaining to HP's alleged conflict of interest.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." <u>Freeman v. Arpaio</u>, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When the proper standard of review to be applied to a claims administrator's denial of benefits is in dispute, the defendant may move for summary adjudication of that issue pursuant to Fed.R.Civ.P. 56.

See Vercher v. Alexander & Alexander Inc., 379 F.3d 222, 224 (5th Cir. 2004).

Plaintiff argues that she should be allowed to conduct discovery to show "HP's inherently-conflicted status as both plan administrator and payor of the disability benefits" before the Court decides what standard of review should apply. (Oppo. at 14.) As the following discussion illustrates, the issue of HP's alleged conflict of interest is a separate issue entirely from a determination of the appropriate standard of review. For the reasons set forth below, the Court finds that the arbitrary and capricious standard of review is applicable and that a continuance of the Motion is neither appropriate nor necessary under Rule 56(f).

### A.  Grant of discretionary authority

In Firestone, Petitioner Firestone Tire & Rubber Co. maintained, and was the plan administrator and fiduciary of, a termination pay plan and two other employee benefit plans governed by ERISA. Respondents in Firestone contended that benefits denials under the plan should be subject to de novo review (rather than review under the arbitrary and capricious standard) because Firestone itself was the administrator and fiduciary of the plan. The Supreme Court held:

> Consistent with established principles of trust law, we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard <u>unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan</u>. ... Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "facto[r] in determining whether there is an abuse of discretion." Restatement (Second) of Trusts § 187, Comment *d* (1959).

Firestone, supra, 489 U.S. at 115 (emphasis supplied).  In other words, "if the plan does confer discretionary authority [to the plan administrator] as a matter of contractual agreement, then the standard of review shifts to abuse of discretion."[2]  Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006)(en banc), citing Firestone.  As the Abatie court stated in summarizing the law governing whether an administrator has been granted discretionary authority,

> There are no "magic" words that conjure up discretion on the part of the plan administrator. [citation omitted.]  The Supreme Court has suggested that a plan grants discretion if the administrator has the "power to construe disputed or doubtful terms" in the plan. Firestone, 489 U.S. at 111 [], see also id. at 115 [] (noting that if a plan grants an administrator the right to determine eligibility for benefits or to "construe the terms of the plan," it has discretionary authority), and id. at 111 [], (stating that Firestone cannot take advantage of the principles of discretion "for there is no evidence that under Firestone's termination pay plan the administrator has the power to construe uncertain terms or that eligibility determinations are to be given deference").

Abatie, supra, 458 F.3d at 963.

The Plan in this case provides that "[t]he determination of Total Disability [a defined term under the Plan] shall be made by the Claims Administrator on the basis of objective medical evidence."  (Lilly Decl., Ex. A, § 2(o) at H00549.)[3]  In addition, "[t]he Claims Administrator will be responsible for the processing of claims" and is vested with the authority to approve

---

[2] The terms "arbitrary and capricious" and "abuse of discretion" are used interchangeably by the courts and refer to the same standard of review.  Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993); Nazay v. Miller, 949 F.2d 1323, 1336 (3d Cir. 1991).  These terms are also used interchangeably in this Order.

[3] The Plan defines the "Claims Administrator" as VPA.  Id., § 2(a) at H00545.

6

or deny claims.  (Id., § 4(f) at H00556 and § 7 at H00586-H00589.)  In the specified "Review of Denied Claims" section, amended and restated as of December 16, 1998 to take effect January 1, 2002, the Plan states "[t]he Claims Administrator shall administer the review of denied claims on [HP's] behalf and make the decision on review."  (Id., § 8(a) at H00589.)  The Plan further provides that "[t]he Claims Administrator shall have the discretionary power to construe the language of the Plan and make the decision on review on behalf of [HP]."  (Id., § 8(e) at H00592.)

    The Hewlett-Packard Company Income Protection Plan Administrative Services Agreement ("ASA") between VPA and HP reaffirms the grant of discretionary authority to VPA by HP.  (Lilly Decl., exh. B at H00611-615.)  For example, the ASA states that "VPA shall have the discretionary authority to determine the extent and amount of benefits that any beneficiary may be entitled to under the Plan" and that "VPA shall have the discretionary authority to construe the language of the Plan and make the decision on review on behalf of the Organization."  (Id., §§ IV.A and IV.D at H00613-614.)

    The language of the Plan and ASA sufficiently confers discretionary authority to VPA as a matter of contractual agreement to shift the standard of review to abuse of discretion.  Abatie, supra, 458 F.3d at 963.  Under the Plan and the ASA, VPA is authorized to process claims, determine eligibility for and the amount of any benefits, and render decisions on appeals of denied claims.  Furthermore, VPA is unambiguously granted the discretion to construe Plan language and make decisions on review

on behalf of HP.

Other courts, reviewing the same plan as the Plan in this action, have found a sufficient grant of discretion to invoke the abuse of discretion standard. For example, in <u>LaMantia v. VPA</u>, 401 F.3d 1114, 1123 (9th Cir. 2005), the Ninth Circuit stated "[a]s a threshold matter, the Plan does give VPA 'the discretionary power to construe the language of the Plan and make the decision on review,' so the abuse of discretion standard would normally apply." In <u>Riffey v. Hewlett-Packard Co. Disability Plan</u>, No. 05-1331, slip op., 2007 U.S. Dist. LEXIS 21847, *28 (E.D. Cal. Mar. 26, 2007), the district court (again, analyzing the same language as contained in the Plan in this action) found that an abuse of discretion standard should apply to a review of VPA's denial of benefits determination and stated: "[i]n this case, numerous Plan provisions ... vest sufficient discretionary power to VPA to invoke the abuse of discretion standard as defined in <u>Firestone</u> and <u>Abatie</u>." <u>See</u> <u>also</u> <u>Carter v. Hewlett-Packard Co.</u>, No. 04-3307, slip op., 2007 U.S. Dist. LEXIS 3249 (N.D. Cal. Jan. 17, 2007)(upholding VPA's denial of plaintiff's claim for LTD benefits under abuse of discretion standard); <u>Tabatabai v. Hewlett-Packard Co. Disability Plan</u>, No. 06-0695, slip op., 2006 U.S. Dist. LEXIS 66110 (N.D. Cal. Sept. 1, 2006)(granting defendant's motion for clarification and determining that the denial of benefits would be reviewed for abuse of discretion based on the record before the plan administrator).

Because the Plan grants VPA unambiguous discretion to construe Plan language, process claims, and decide claims on

8

06cv1506

appeal, the applicable standard of review in this case is the abuse of discretion standard. Further, as discussed below, that standard applies irrespective of whether, as Plaintiff contends, HP has a conflict of interest.

   **B.** **Plaintiff's Allegations of Conflict of Interest and Request for a Continuance to Conduct Discovery**

  Plaintiff states that a material portion of her argument that a <u>de novo</u> standard of review should apply is that the denial of her claim for LTD benefits under the Plan, and the affirmance of that denial on appeal, was the result of an actual conflict of interest by HP due to its alleged "inherently-conflicted status as both administrator and insurer/payor of benefits." (Oppo. at 12.) She contends that "the decision to cut off benefits was indicative of HP's economic self-interest as both the funder of the benefits and the administrator in charge of interpreting the provisions of the Plan and determining disability claims" and that evidence of such conflict of interest should inform the Court's determination of the proper standard of review. (Oppo. at 10-11.) Plaintiff insists that she should receive responses to her previously-propounded discovery requests prior to a determination of the applicable standard of review because the responses to those discovery requests will provide evidence that an actual conflict existed and that, directly as a result of the existence of an actual conflict, the Court will find that the <u>de novo</u> standard of review, and not abuse of discretion, applies. (Oppo. at 11-16.) Plaintiff is mistaken as to the effect any evidence of a conflict of interest would have on determination of the standard of review.

In <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006), the Ninth Circuit Court of Appeals "took [the] case en banc to reconsider [its] approach to ERISA cases in which a plan administrator denies benefits and (1) the wording of the plan confers discretion on the plan administrator and (2) the plan administrator has a conflict of interest." <u>Id</u>., 458 F.3d at 959. Thus, <u>Abatie</u> is the controlling law on this subject in the Ninth Circuit. With regard to the application of an abuse of discretion standard in the face of a conflict of interest, the <u>Abatie</u> court stated:

> <u>Firestone</u> appears to provide for only two alternatives. When a plan confers discretion, abuse of discretion review applies; when it does not, de novo review applies [citations omitted]. <u>Abuse of discretion review applies to a discretion-granting plan even if the administrator has a conflict of interest</u>. But <u>Firestone</u> also makes clear that the existence of a conflict of interest is relevant to how a court conducts abuse of discretion review. In discussing abuse of discretion review, the Supreme court cautioned that, "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighted as a 'facto[r]' in determining whether there is an abuse of discretion.

<u>Id</u>., 458 F.3d at 965 (emphasis supplied). The <u>Abatie</u> court specifically overruled the "back-and-forth burden shifting" of its previous holding in <u>Atwood v. Newmont Gold Co.</u>, 45 F.3d 1317 (9th Cir. 1995), as a misinterpretation of <u>Firestone</u>, stating that <u>Atwood</u> "does not adhere to the dichotomy explicitly laid out in <u>Firestone</u>," and reiterating "that a court weigh as a 'factor' <u>in abuse of discretion review</u> the conflict of interest that inheres when a plan administrator also acts as its fiduciary." <u>Id</u>., 458 F.3d at 966-967 (emphasis supplied).

//

Thus, <u>Abatie</u> makes clear that this Court must apply an abuse of discretion standard to its review of the denial of Plaintiff's LTD benefits under the Plan, even if Plaintiff is ultimately able to demonstrate the existence of a conflict of interest.[4]  If Plaintiff is able to do so, the Court's review under the abuse of discretion standard will be "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record."  <u>Abatie</u>, 458 F.3d at 967.[5]

Accordingly, any discovery to which Plaintiff claims she is entitled concerning the nature, extent, and effect on the

---

[4] <u>See</u> <u>also</u> <u>Coleman-Lea v. Metropolitan Life Ins. Co.</u>, No. 05-4049, slip op., 2006 U.S. Dist. LEXIS 89352 *11 (N.D. Cal. Dec. 11, 2006)(abuse of discretion standard applied despite "an apparent conflict of interest because MetLife acted as both the funding source and the administrator of the Plan, thereby evidencing a financial conflict"); <u>Shemano-Krupp v. Mutual of Omaha Ins. Co.</u>, No. 05-4693, slip op., 2006 U.S. Dist. LEXIS 84352 *23 (N.D. Cal. Nov. 20, 2006)(abuse of discretion standard applied where there was an apparent conflict of interest because United [of Omaha Life Ins. Co.] acted as both the funding source and the administrator of the Plan, thereby evidencing a financial conflict"); <u>Schofield v. Metropolitan Life Ins. Co.</u>, No. 06-117, slip op., 2006 U.S. Dist. LEXIS 89167 *4 (E.D. Cal. Nov. 17, 2006)(application of abuse of discretion standard despite a "structural conflict of interest"); <u>Riffey</u>, 2007 U.S. Dist. LEXIS 21847, * 32 n.7("[U]nder <u>Abatie</u>, a conflict of interest finding would not dictate application of *de novo* review but rather requires a less deferential review under abuse of discretion...").

While Plaintiff argues that Defendants' authorities are inapposite (Oppo. at 18-21), it is Plaintiff who has erroneously relied on pre-<u>Abatie</u> decisions to support application of the <u>de</u> <u>novo</u> standard of review (including <u>Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology</u>, 125 F.3d 793 (9th Cir. 1997) and <u>Tremain v. Bell Industries, Inc.</u>, 196 F.3d 970 (9th Cir. 1999)) that utilized the "back and forth burden shifting" <u>Atwood</u> test that was expressly overruled by <u>Abatie</u>.

[5] The Court need not, for purposes of determining the applicable standard of review, decide whether HP had a conflict of interest.  The Court agrees with Defendants, however, that the critical issue under <u>Abatie</u> in deciding whether an inherent or structural conflict of interest of the type alleged by Plaintiff exists is whether the same entity is responsible for both administering and funding the plan. <u>Abatie</u>, <u>supra</u>, 458 F.3d at 965, <u>citing</u> <u>Tremain v. Bell Indus., Inc.</u>, 196 F.3d 970, 976 (9th Cir. 1999).

decision-making process of any alleged conflict of interest on the part of HP is irrelevant to a determination of the proper standard of review in this action.  Plaintiff's application for a continuance pursuant to Rule 56(f) is therefore denied.[6]

**C.    Plaintiff's Allegations of Procedural Irregularities**

Plaintiff appears to argue that Defendants' alleged violations of procedural requirements and fiduciary obligations (under ERISA, plan administrators must comply with various procedures for giving notice, reporting, and claims processing) should result in a de novo review in this case.  She contends, for example, that Defendants:

1. "set forth only a few sentences that even approached any rational basis, medical or vocational, for the denial" (Patrick Decl. ¶ 15);

2. "did not provide [her] with any clear notice as to the procedural requirements for an internal appeal" (Id. ¶ 16);

3. "in the denial letter, [provided] no specific vocational evidence ... as to how Defendants concluded that [she] could perform any of the 'other occupations' listed by it in its denial" (Id. ¶ 17); and

4. "[n]ever informed [her] of [her] right to representation of counsel, or of most of [her] procedural rights, including [her] right to a complete copy of the claims file and copies of any and all

---

[6]The parties' dispute over whether Plaintiff is entitled to conduct discovery concerning HP's alleged conflict of interest shall be submitted to Magistrate Judge Papas following the issuance of this Order.

medical and vocational reports upon which the denial was based." (Id. ¶ 20.)

In addition to holding that the abuse of discretion standard is applicable to a discretion-granting plan even where a conflict of interest appears in the record, Abatie also addressed the issue of the applicable standard of review when all statutory procedural requirements have not been followed:

> [W]hen a decision by an administrator <u>utterly fails</u> to follow applicable procedures, the administrator is not, in fact, exercising discretionary powers under the plan, and its decision should be subject to de novo review. <u>Lesser irregularities</u>, like [a plan administrator exercising discretion but, in doing so, making procedural errors], <u>do not remove the decision from abuse of discretion review, but rather should be factored into the calculus of whether the administrator abused its discretion</u>."

Abatie, supra, 458 F.3d at 959 (emphasis supplied). The court further explained:

> When an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well, we review de novo the administrator's decision to deny benefits. We do so because, under Firestone, a plan administrator's decision is entitled to deference only when the administrator exercises discretion that the plan grants as a matter of contract.

Id., 458 F.3d at 971 (emphasis supplied)(citation omitted).

In illustrating the type of procedural non-compliance that allows for more stringent judicial review, the Abatie court cited Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir. 1984), and stated:

> In *Blau*, the administrator had kept the policy details secret from the employees, offered them no claims procedure, and did not provide them in writing the relevant plan information; in other words, the administrator "failed to comply with virtually every applicable mandate of ERISA." 748 F.2d at 1353.

Abatie, supra, 458 F.3d at 971.  In Abatie, the administrator "tack[ed] on a new reason for denying benefits in a final decision, thereby precluding the plan participant from responding to that rationale for denial at the administrative level, ... violat[ing] ERISA's procedures." Id., 458 F.3d at 974.  Even this "contravention of the purpose of ERISA," the court held, will not mandate the application of the de novo standard, but rather was to "be weighed by the district court in deciding whether [the administrator] abused its discretion." Id., 458 F.3d at 972.

The procedural irregularities alleged by Plaintiff do not amount to an "utter failure" to follow ERISA procedures.  VPA detailed its reasons for denial of Plaintiff's claim, including consideration of medical records submitted by Plaintiff and references to relevant Plan language.  See Hellen Decl., Ex. B at 60-63.  VPA informed Plaintiff of her right to appeal the denial of benefits, provided specific instructions on how to initiate an appeal, and offered Plaintiff the opportunity to "review (on request and at no charge) documents and other evidence relevant to [her] appeal." Id.  Plaintiff responded by filing an appeal and demonstrated an understanding of her obligation to provide supporting information to VPA.  Hellen Decl., Ex. C at 64-72; Patrick Decl. at ¶ 13.  The record demonstrates that this is not one of the "rare classes of cases" in which the administrator engaged in "wholesale and flagrant violations of the procedural requirements of ERISA" that requires an alteration of the standard of review.  Abatie, 458 F.3d at 971-972.  Instead, the alleged procedural irregularities are matters to be "factored

into the calculus of whether the administrator abused its discretion." Id. at 959.

Cases decided since Abatie support the conclusion that Plaintiff's allegations in this case do not rise to the level of "wholesale and flagrant violations of the procedural requirements of ERISA." In Riffey v. Hewlett-Packard Co., supra, Plaintiff alleged that under Abatie the court must apply de novo review due to "VPA's untimely issuance of its denials of plaintiff's benefits claim." 2007 U.S. Dist. LEXIS 21847 at *34. The court found that the procedural violations of the Plan's time limits were insufficient to require application of de novo review. Likewise, in Chadwick v. Metropolitan Life Ins. Co., No. 06-2245, slip op., 2007 WL 2156078 (E.D. Cal. July 25, 2007) and Schofield v. Metropolitan Life Ins. Co., No. 06-117, slip op., 2006 U.S. Dist. LEXIS 89167 (E.D. Cal. Nov. 17, 2006), the district courts applied an abuse of discretion standard despite alleged procedural violations or irregularities.

Because Plaintiff does not allege "wholesale and flagrant violations of the procedural requirements of ERISA" so as to "fall into that rare class of cases" which require de novo review, the abuse of discretion standard is applicable here. Abatie, supra, 458 F.3d at 971-972.

**IV. Conclusion and Order**

For the reasons set forth herein, the Court finds that the proper standard of review of VPA's denial of LTD benefits in this action is abuse of discretion. Accordingly, Defendants' Motion for Summary Adjudication Re the Proper Standard of Review is hereby **GRANTED**. Plaintiff's application for a continuance of the

Motion pursuant to Rule 56(f) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 7, 2007

_____
Jan M. Adler
U.S. Magistrate Judge