UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LYN PATRICK, | ) | Case No. 06-CV-1506-JMA (LSP) |
| Plaintiff, | )<br>) | **ORDER GRANTING DEFENDANT** |
| | ) | **VOLUNTARY PLAN ADMINISTRATORS,** |
| v. | ) | **INC.'S MOTION FOR SUMMARY** |
| | ) | **JUDGMENT AND DENYING** |
| HEWLETT-PACKARD COMPANY | ) | **PLAINTIFF'S APPLICATION FOR A** |
| EMPLOYEE BENEFITS ORGANIZATION | ) | **CONTINUANCE PURSUANT TO** |
| INCOME PROTECTION PLAN, etc.; | ) | **FED.R.CIV.P. 56(f)** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.   Introduction.**

On July 26, 2006, Plaintiff filed a Complaint to Recover Benefits, Costs and Attorneys' Fees Under [the Employee Retirement Income Security Act of 1974 ("ERISA")]; and for Recovery of Statutory Penalties Under ERISA.  [Doc. No. 1]  The parties filed a Consent to Exercise of Jurisdiction by a United States Magistrate Judge on May 4, 2007.  [Doc. No. 19]  On June 29, 2007, Defendant Voluntary Plan Administrators, Inc. filed a Motion for Summary Judgment ("the Motion").  [Doc. No. 29]  Plaintiff filed an Opposition to the Motion ("Oppo.") on August

14, 2007, and Defendants filed a Reply on August 23, 2007.  [Doc.
Nos. 40-45]  On August 27, 2007, Judge Adler found the Motion to
be suitable for determination on the papers submitted and without
oral argument pursuant to Civil Local Rule 7.1.d.1. and vacated
the August 30, 2007 hearing date.  [Doc. No. 47]

**II.  <u>Factual Background</u>.**

       Plaintiff Lyn Patrick was a 20-year employee of Defendant
Hewlett-Packard Company ("HP").  (Declaration of Lyn Patrick
filed in support of Oppo. [Doc. No. 44], "Patrick Decl.," ¶ 2.)
In or about 2000, Plaintiff required right shoulder impingement
release therapy and was off work from January to March 2000.  She
returned to work in April 2000, but her condition degenerated,
and by 2002 she could no longer function at work.  (<u>Id</u>.)
Plaintiff's doctors then certified her as totally disabled, and
she was paid long term disability ("LTD") benefits under the
Hewlett-Packard Company Disability Plan ("the Plan")[1] for a
period of one year.  (<u>Id</u>. at ¶ 3.)  She also received workers'
compensation benefits.  (<u>Id</u>. at ¶ 4.)

       On August 11, 2003, Defendant Voluntary Plan Administrators,
Inc. ("VPA"), acting on behalf of HP, terminated Plaintiff's LTD
benefits.  (<u>Id</u>. at ¶ 6.)  Plaintiff participated in vocational
rehabilitation training without success, and VPA and HP did not
reinstate her LTD benefits.  (<u>Id</u>. at ¶¶ 9-10.)  Plaintiff filed a
"Request for Appeal" on February 4, 2004, and VPA responded in a
letter dated February 12, 2004 that Plaintiff had not "presented

---

[1]Amendment Four to the Hewlett-Packard Company Employee Benefits
Organization Income Protection Plan, effective December 16, 2001,
changed the name of the Plan to the "Hewlett-Packard Company
Disability Plan."  (Declaration of Lauren A. Deeb filed in support of
the Motion [Doc. No. 29-3], exh. A at H00585.)

1  any evidence or documentation to substantiate [her] disability

2  beyond August 24, 2003." (<u>Id</u>. at ¶¶ 11-12.)  In a letter dated

3  July 9, 2004, VPA upheld the original denial of Plaintiff's LTD

4  benefits claim.  (<u>Id</u>. at ¶ 13.)

5      Plaintiff subsequently retained counsel and, on November 24,

6  2004, counsel requested that VPA and HP reopen Plaintiff's claim.

7  VPA and HP did not respond to counsel's letter.  (Patrick Decl.

8  at ¶¶ 20-21.)  Counsel then sent to VPA and HP a letter dated

9  February 9, 2006 entitled "Perfection of Internal Appeal of

10 Denial of Long-Term Disability Benefits," which included

11 supplemental medical and vocational reports and other exhibits.

12 VPA and HP did not respond to counsel's letter.  (<u>Id</u>. at ¶¶ 22-

13 27.)  Plaintiff filed this action on July 26, 2006.

14 **III.  <u>Defendant Voluntary Plan Administrators, Inc.'s Motion for</u>**

15      **<u>Summary Judgment</u>**

16      The sole issue presented by the Motion is whether the Court

17 should dismiss Defendant VPA as an improper party.  Defendant VPA

18 contends, generally, that because it is not the Plan or "plan

19 administrator" (the Plan designates VPA as the "claims

20 administrator"), Plaintiff cannot assert an ERISA claim for

21 benefits against it.  Plaintiff opposes the Motion and contends,

22 generally, that because VPA acted as a <u>de facto</u> plan

23 administrator, VPA is a proper defendant.  Plaintiff argues that

24 because the Plan document and the Administrative Services

25 Agreement ("ASA") are internally inconsistent regarding the issue

26 of whether HP delegated its plan administrator function to VPA,

27 discovery is needed to shed light on VPA's role as <u>de facto</u> plan

28 administrator.

1    Summary judgment is proper when the "pleadings, depositions,
2    answers to interrogatories, and admissions on file, together with
3    the affidavits, if any, show that there is no genuine issue as to
4    any material fact and that the moving party is entitled to
5    judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is
6    "genuine" only if there is sufficient evidence for a reasonable
7    fact finder to find for the non-moving party. <u>Anderson v.</u>
8    <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). "In
9    considering a motion for summary judgment, the court may not
10   weigh the evidence or make credibility determinations, and is
11   required to draw all inferences in a light most favorable to the
12   non-moving party." <u>Freeman v. Arpaio</u>, 125 F.3d 732, 735 (9th
13   Cir. 1997).

14   The party moving for summary judgment bears the initial
15   burden of identifying those portions of the pleadings, discovery,
16   and affidavits which demonstrate the absence of a genuine issue
17   of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24
18   (1986). Once the moving party meets this initial burden, the
19   non-moving party must go beyond the pleadings and by its own
20   evidence "set forth specific facts showing that there is a
21   genuine issue for trial." Fed.R.Civ.P. 56(e).

22   Rule 56(f) provides that the court may continue a motion for
23   summary judgment if the opposing party "cannot for reasons stated
24   present by affidavit facts essential to justify the party's
25   opposition." However, "Rule 56(f) is not a shield that can be
26   raised to block a motion for summary judgment without even the
27   slightest showing by the opposing party that his opposition is
28   meritorious." <u>Willmar Poultry Co. v. Morton-Norwich Products,</u>

06cv1506

1   <u>Inc.</u>, 520 F.2d 289, 297 (8th Cir. 1975).  When "a party fails to

2   carry his burden under Rule 56(f), postponement of a ruling on a

3   motion for summary judgment is unjustified."  <u>Id.</u>; <u>see</u> <u>also</u>

4   <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, 1129 n.9 (9th Cir.

5   2002).  Furthermore, the discovery sought by means of a Rule

6   56(f) application must be relevant to the issue presented by the

7   motion for summary judgment.  <u>See</u> <u>Christian</u>, <u>supra</u>, 286 F.3d at

8   1129 n.9 (upholding denial of Rule 56(f) application when

9   requested discovery was "immaterial" and "could not change the

10  undisputed" facts.)

11      Plaintiff argues that she should be allowed to conduct

12  discovery to show that VPA is a <u>de</u> <u>facto</u> plan administrator under

13  the Plan <u>before</u> the Court decides whether VPA is a proper

14  defendant to the action.  (Oppo. at 7-13.)  As the following

15  discussion illustrates, the issue of whether VPA is a proper

16  defendant to the action is determinable without the need for

17  discovery by Plaintiff.  For the reasons set forth below, the

18  Court finds that VPA is not a proper party to the action and

19  should be dismissed, and further finds that a continuance of the

20  Motion is neither appropriate nor necessary under Rule 56(f).

21      **A.   <u>VPA is the "Claims Administrator" under the Plan</u>**

22      Under Ninth Circuit law, "ERISA authorizes actions to

23  recover benefits against the Plan as an entity, 29 U.S.C. §

24  1132(d)(1), and against the Plan's administrator.  *See* 29 U.S.C.

25  § 1132(a)(1)(B)."  <u>Ford v. MCI Communications Health & Welfare</u>,

26  399 F.3d 1076, 1081 (9th Cir. 2005); <u>see</u> <u>also</u> <u>Everhart v.</u>

27  <u>Allmerica Financial Life Ins. Co.</u>, 275 F.3d 751, 754 (9th Cir.

28  2001).  ERISA claims may not be brought against a claims

06cv1506

administrator.  Id. at 1083.

In Everhart, a beneficiary brought an ERISA action against an employee benefit plan's insurer, seeking recovery of benefits due under a life insurance policy.  The district court granted summary judgment in favor of the insurer, and the beneficiary appealed.  The Ninth Circuit considered the question of whether a claims administrator with complete discretion to make benefits determinations under the plan can be held liable under ERISA. The court rejected the "discretion" argument:

> The dissent proposes a new test for suits under
> § 1132(a)(1)(B) whereby suits for benefits could be
> brought against a party that is neither the plan itself
> nor the plan administrator, but that makes "the
> discretionary decisions as to whether benefits were
> owed." [citation omitted]  The dissent cites no authority for
> this proposition.  It is contrary to the cases discussed in text
> in this and other circuits that limit § 1132(a)(1)(B) suits to
> plans or plan administrators, and – significantly – it seems to
> confuse or conflate a § 1132(a)(1)(B) suit with a § 1132(a)(3)
> suit for breach of fiduciary duty ... .

(Everhart, supra, 275 F.3d at 754-755 n.3.)

In Ford v. MCI Communications Health & Welfare, supra, MCI was defined as the "Plan Administrator/Plan Sponsor" of the plan at issue.  Hartford was the claims administrator for the plan. The plan did not list Hartford as a plan administrator.  The district court granted summary judgment in favor of Hartford, finding that Hartford was not a proper party to the action because it was neither the plan nor the plan administrator. Plaintiff contended on appeal that the district court erred in determining that Hartford was not a proper party to the action because Hartford "functioned as" the plan administrator.  Ford, supra, 399 F.3d at 1078-1079.  The Ninth Circuit affirmed the district court's dismissal of Hartford as a defendant:

[¶] ERISA authorizes actions to recover benefits against the Plan as an entity, 29 U.S.C. § 1132(d)(1), and against the Plan's administrator.  <u>See</u> 29 U.S.C. § 1132(a)(1)(B); <u>see also</u> <u>Everhart</u>, 275 F.3d at 754. ...

[¶] ERISA defines a plan administrator as "the person specifically so designated by the terms of the instrument under which the plan is operated[.]"  29 U.S.C. § 1002(16)(A)(i).  The Plan in this case designated MCI as the plan administrator and Hartford as the claims administrator.

<u>Id</u>. at 1081.  The court went on to reject plaintiff's argument that Hartford was subject to suit as the <u>de</u> <u>facto</u> plan administrator:

[¶] [Plaintiff] argues that Hartford <i>is</i> the plan administrator because it had discretionary authority to determine eligibility for benefits and was functioning as the plan administrator.  The Plan Administrator, MCI, delegated the "exclusive discretion, authority, responsibility, and right to interpret and construe the Plan's terms and to determine all questions of eligibility under the Plan and to exercise the fullest discretion permitted by law regarding Plan administration" to the claims administrators, including Hartford.

[¶] The "discretion" argument was considered and rejected by us in <u>Everhart</u>.

<u>Id</u>. at 1081-1082 (emphasis in original).  The <u>Ford</u> court characterized its ruling in <u>Everhart</u> as "explicitly reject[ing] the argument that an insurer who 'controlled the administration of the plan and made the discretionary decisions as to whether benefits were owed' could be sued under § 1132(a)(1)(B)."  <u>Id</u>. at 1082, citing <u>Everhart</u>, <u>supra</u>, 275 F.3d at 759.

The Plan in this case defines the "Claims Administrator" as VPA.  (Declaration of Lauren A. Deeb filed in support of Motion [Doc. No. 29-3], "Deeb Decl.," exh. A, § 2(a) at H00545.)  The Plan additionally states "VPA shall not be deemed to be the plan administrator of the Plan as determined under ERISA."  (<u>Id</u>.)  The

Plan defines the "Organization" as the Hewlett-Packard Company
Employee Benefits Organization, and states that "[t]he
Organization is the 'plan administrator' and 'plan sponsor' as
such terms are used in ERISA."  (Id.,§§ 2 & 9 at H00547 &
H00572.)  Thus, and as unequivocally set forth in the Plan, the
Organization (Hewlett-Packard Company Employee Benefits
Organization), not VPA, is the plan administrator under the
Plan.[2]

     Plaintiff contends that VPA is a proper party because VPA
acted as a de facto plan administrator, in light of the
discretion granted to it by the Plan language.  While it is true
that VPA was granted broad discretion under the Plan (see e.g.,
Deeb Decl., exh. A, § 8(e) at H00592), the Ninth Circuit (as
illustrated by Everhart and Ford) has specifically rejected this
theory of liability under ERISA.  Under Ninth Circuit law, the
fact that VPA was granted discretionary authority as the claims
administrator does not "convert" its status to that of plan
administrator for purposes of liability under ERISA.  See Ford,
supra, 399 F.3d 1081-1082; see also Warner v. Standard Insurance
Company, 2007 WL 174099, *15 (W.D.Wash. Jun. 17, 2007)(Standard's
motion for summary judgment granted and Standard dismissed as a
defendant: "[d]espite the discretion that Standard enjoyed, they
were not the plan administrator"); Aluisi v. Unum Life Ins. Co of
America, 2005 U.S. Dist. LEXIS 29529 *9 (E.D. Cal. Sept. 28,

---

[2]When Plaintiff filed her claim for LTD benefits, the Plan
designated the Organization as the plan administrator.  When the Plan
was amended following the dissolution of the Organization, HP became
the plan administrator, while VPA continued to be the claims
administrator.  Further, the ASA expressly provides that by providing
claim services, VPA shall not be deemed to be the plan administrator.
(Deeb Supp. Decl., Ex. A at H00620.)

2005)("Thus, an action under Section 1132(a)(1)(B) must be brought against the Plan or Plan Administrator even if the Plan or Plan Administrator have turned over the day to day decisions of running th plan to another entity").

**B.   Plaintiff's Request for a Continuance to Conduct Discovery**

Plaintiff insists that she should receive responses to her previously-propounded discovery requests prior to a determination of whether VPA is a proper party to the action because the responses to those discovery requests will provide evidence that VPA acted as a de facto plan administrator.  (Oppo. at 7-13.)  As set out above, discovery related to whether VPA acted as a de facto plan administrator will not change the fact that VPA is the designated claims administrator, and not the plan administrator, under the Plan.  Controlling Ninth Circuit authority has soundly rejected the argument advanced by Plaintiff, and no amount of discovery would assist Plaintiff in establishing that VPA is properly named as a defendant.  As the court in Warner v. Standard, supra, stated in denying a Rule 56(f) application in circumstances identical to those present here,

> Further discovery by plaintiff on this issue is unnecessary.  No additional information would assist plaintiff in its position that Standard is a proper party.  Specifically, since this court has rejected the plaintiff's discretion argument, documents relating to the amount of discretion that Standard had are not relevant to the outcome of the motion for summary judgment.

2007 WL 174099 at *16.  Plaintiff's application for a continuance pursuant to Rule 56(f) is therefore denied.

**IV.   Conclusion and Order**

1    For the reasons set forth herein, the Court finds that VPA
2    is not a proper defendant to this action.   Accordingly, Defendant
3    Voluntary Plan Administrators, Inc.'s Motion for Summary Judgment
4    is **GRANTED.**   Plaintiff's application for a continuance of the
5    Motion pursuant to Rule 56(f)is **DENIED.**
6        **IT IS SO ORDERED.**
7    DATED:  October 31, 2007

8                                    Jan M. Adler
9                                    U.S. Magistrate Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

06cv1506